Filed 12/15/25

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04685

---

Johnathan Billewicz v. William Humphries et al

---

### Decision on Defendants' Motion (#2) for Summary Judgment and Mr. Billewicz's Motion (#3) to Amend

This case arises out of the service of a criminal citation for disorderly conduct on Plaintiff Mr. Johnathon Billewicz by Defendant Town of Fair Haven Police Officer Mr. Tyler Duel. Other defendants include the Town itself, Police Chief Mr. William Humphries, and Town Manager Mr. Joseph Gunter. In Mr. Billewicz's view, there was no legal or factual basis for citing him with anything, and a subsequent criminal case in fact was dismissed for lack of probable cause as to the sole charge in the amended information. In the original complaint, Mr. Billewicz asserts claims framed as false arrest, violations of state and federal constitutional free speech rights, malicious prosecution, and negligent hiring or supervision.

Defendants have filed a motion for summary judgment addressing all claims. They argue that a lack of probable cause to issue the citation is a necessary predicate to each of these claims, or probable cause is a complete defense, and there was probable cause. They further argue that: Mr. Billewicz cannot show, for purposes of his free speech claims, that the citation in any way chilled his free speech; he cannot show "concrete harm" as to those claims either; Defendants are protected by qualified immunity; as against the Town, the state tort claims are barred by municipal immunity; and the false arrest claim also fails because there never was any arrest.

In opposing summary judgment, Mr. Billewicz has purported to withdraw both free speech claims and the false arrest claim, leaving in the case his malicious prosecution claim and negligent hiring or supervision claim. He then filed a motion to amend the complaint. The proposed amended complaint includes the two remaining claims and provides more details relating to the negligent supervision claim.

*Procedural standard*

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Rule 56(c), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. V.R.C.P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for

1

discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial). The court derives the undisputed facts from the parties' statements of fact and the supporting documents. *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413. A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact. Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute. *Murray v. White*, 155 Vt. 621, 628 (1991). Speculation is insufficient. *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375.

As a general matter, Defendants' statement of materials facts is well supported by citations to evidence in the record as contemplated by Rule 56(c). Mr. Billewicz opposes certain facts as inadmissible hearsay, but the court does not need to resolve those issues as those facts, were they offered for the truth of the matter asserted, are not material. Otherwise, Mr. Billewicz opposes facts largely by asserting that he lacks relevant personal knowledge, or he takes issue with characterizations or inferences that may be drawn from otherwise undisputed facts. These efforts are insufficient to demonstrate a genuine dispute of material fact. He also asserts in an affidavit that, when confronted by an officer, who claimed Mr. Billewicz took 3 steps towards him, that he never did that. This fact is genuinely disputed. However, it is immaterial to this decision. In short, the basic narrative fundamental to the motion is undisputed in all material respects.

The thrust of that undisputed narrative is that Mr. Billewicz was walking through town with his mother. He was yelling or speaking loudly (he says at her), and it was disturbing and may have made some members of the public fearful. He was approached by a police officer, to whom he made obviously crude comments. The officer went away. The chief of police consulted with the State's Attorney as to whether the circumstances amounted to disorderly conduct. Based on the advice received, Officer Duel issued a citation for disorderly conduct to Mr. Billewicz. No one ever arrested Mr. Billewicz. The State's Attorney then charged him in an information with 1 count of violating 13 V.S.A. § 1026(a)(3). That provision is as follows:

> (a) A person is guilty of disorderly conduct if the person, with intent to cause public inconvenience or annoyance, or recklessly creates a risk thereof:
>
> .   .   .
>
> (3) in a public place, uses abusive or obscene language.

The criminal judge found probable cause for that charge. Later, without explanation in the record, the State's Attorney amended the information to assert instead 1 count of violating 13 V.S.A. § 1026(a)(1), which provides:

> (a) A person is guilty of disorderly conduct if the person, with intent to cause public inconvenience or annoyance, or recklessly creates a risk thereof:
>
> (1) engages in fighting or in violent, tumultuous, or threatening behavior.

2

The criminal judge unilaterally determined that there was no probable cause for this charge and dismissed the case. That was the last of the criminal case. There is no allegation or evidence that any defendant in this case had anything whatsoever to do with the State's Attorney's decision to amend the information.

*Analysis—Defendants' summary judgment motion*

Either the absence of probable cause is an element of, or probable cause is a complete defense to, each of the claims in Mr. Billewicz's original complaint. See Dan B. Dobbs, The Law of Torts § 97 (2d ed.) ("That is, the [false arrest] defendant is privileged, and escapes liability, if he can show that he had reasonable grounds to believe that the defendant committed the crime for which the arrest was made [i.e., probable cause].)"; *Id*. § 44 ("The malicious prosecution plaintiff must affirmatively prove that the defendant prosecuted without probable cause to do so and prosecuted in bad faith."); *Nieves v. Bartlett*, 587 U.S. 391, 404 (2019) (retaliatory arrest in violation of First Amendment requires plaintiff to prove absence of probable cause); *Bombard v. Riggen*, No. 21-CV-176, 2021 WL 8202011, at *3 (Vt. Super. Ct. Dec. 21, 2021) (adopting *Nieves* for purposes of state free speech claim).[1] As for negligent supervision, such a claim "requires proof of 'an underlying tort or wrongful act committed by the employee.'" *Kilburn v. Simmon*, 2025 VT 32, ¶ 25 (Vt. June 20, 2025). Here, any such underlying tort or wrongful act (false arrest, malicious prosecution, or the free speech claims) either requires Mr. Billewicz to prove an absence of probable cause, or probable cause is a defense.

Defendants' motion places the issue of probable cause front and center. The criminal judge, however, already determined that there was probable cause for the original count of violating 13 V.S.A. § 1026(a)(3). "The mere fact that a criminal tribunal found probable cause normally provides a presumption that probable cause existed in the context of a subsequent wrongful prosecution claim. This presumption of probable cause is rebuttable only if a plaintiff can demonstrate that the earlier finding of probable cause was based on misleading, fabricated, or otherwise improper evidence." *Lay v. Pettengill,* 2011 VT 127, ¶ 22, 191 Vt. 141 (citations omitted). This presumption, if not so rebutted, defeats all the claims of the original complaint.

In opposition to summary judgment, Mr. Billewicz does not attempt to dispute that there was probable cause for the original count of violating 13 V.S.A. § 1026(a)(3). Instead, he argues that the criminal judge's determination that there was a lack of probable cause for the subsequent count in the amended information of violating 13 V.S.A. § 1026(a)(1) is sufficient. The court accepts Mr. Billewicz's silence as to probable cause for the count in the original information as a concession that probable existed for that violation.

Mr. Billewicz's argument as to the amended charge is predicated on his understanding of the U.S. Supreme Court's recent decision in *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556 (2024). In that case, the Court resolved a circuit-split in the context of Fourth Amendment wrongful prosecution cases, cases in which charges without probable cause lead to the arrest or detention of the target. The question was, when the prosecution is premised on multiple charges, and some are supported by probable cause while others are not, do the charges for which there is probable cause insulate the officers from the tort claim otherwise predicated on the charges

---

[1] The Court adopts the rationale of *Bombard* on this point for purposes of this case.

3

lacking probable cause. The Court explained that the charges with probable cause do not *automatically* protect the officers. *Id*. at 563–64. The lower court had adopted a per se rule protecting the officers if any charge is supported by probable cause. Nor, however, is the mere existence of a charge without probable cause sufficient to support the tort claim. Rather, it leads to the next question—whether the charges without probable cause in fact caused the arrest or detention—that the Court declined to analyze in *Chiaverini*.

Mr. Billewicz's apparent view, that if any criminal charge brought against him lacks probable cause, then he has automatically satisfied the probable cause element of any civil claim, is overbroad and simplistic. He cites no binding authority for such a proposition and *Chiaverini* would not support it. Factually, there is no sort of Fourth Amendment wrongful prosecution claim in this case because there never was any detention or arrest. There could not have been a charge that caused his detention or arrest. More importantly, however, the claims in *Chiaverini* were brought against those officers responsible for bringing the charge that lacked probable cause. Here, to the extent that Defendants were at all involved in the issuance of the citation that led to the original information, the criminal court found probable cause for that count. The State's Attorney alone later filed an amended information that Defendants had nothing to do with. The count in the amended information is the one that lacked probable cause. *Chiaverini* has no obvious application in this circumstance.

Defendants' summary judgment motion is granted as to all claims in the original complaint. Mr. Billewicz's request to withdraw certain claims from the original complaint is moot. It is unnecessary to address the other issues raised in Defendants' motion or Mr. Billewicz's opposition.

*Analysis—Mr. Billewcz's motion to amend*

Mr. Billewcz's motion to amend does not save the day. Rule 15(a) provides that leave to amend a complaint shall be freely given by the court "when justice so requires." In Vermont, this provision has been liberally construed in favor of allowing parties to amend their pleadings. *Lillicrap v. Martin*, 156 Vt. 165, 170 (1991). "The principal reasons underlying the liberal amendment policy are (1) to provide maximum opportunity for each claim to be decided on its merits rather than on a procedural technicality, (2) to give notice of the nature of the claim or defense, and (3) to enable a party to assert matters that were overlooked or unknown to him at an earlier stage in the proceedings." *Colby v. Umbrella, Inc*., 2008 VT 20, ¶ 4, 184 Vt. 1 (citation omitted).

Leave to amend is not always granted, however. It may be denied when the just and expeditious disposition of the dispute between the parties will not be advanced via the amendment. In making that determination, the court analyzes whether the proposed amendment: (1) would result in undue delay; (2) is brought in bad faith; (3) would result in unfair prejudice to the opposing party; or (4) would be "futile."

Mr. Billewicz's proposed amended complaint is certifiably futile. In it, he retains 2 claims in the original complaint and merely adds allegations in further support of the wrongful

hiring or supervision claim. However, nothing in the amended complaint remotely cures the deficiencies of claims as pleaded in the original complaint.

Mr. Billewicz's motion to amend therefore is denied.

## Order

For the foregoing reasons, Defendants' motion for summary judgment is granted. Mr. Billewicz's motion to amend is denied. The recently scheduled pretrial conference and jury draw will be canceled.

Electronically Signed on: Monday, December 15, 2025 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge